IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **BRITTANY C.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | **Civil Action No. CBD-20-3751** |
| ) | |
| **KILOLO KIJAKAZI[1],** ) | |
| ) | |
| **Commissioner,** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Brittany C. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act ("SSA"). Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 14, Plaintiff's Alternative Motion for Remand, ECF No. 14, ("Plaintiff's Alternative Motion"), and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 15. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative

---

[1] When this proceeding began, Andrew Saul was the Acting Commissioner of the Social Security Administration. On July 9, 2021, Kilolo Kijakazi was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

### I.   Procedural Background

On May 4, 2018, Plaintiff filed for SSI under Title XVI of the SSA, alleging disability beginning January 1, 2017. R. 12. Plaintiff alleged disability due to sciatica, herniated disc, slipped disc, diabetes, neuropathy, high blood pressure, epilepsy, carpel tunnel, PTSD, and insomnia. R. 51–52, 64. Plaintiff's claim was initially denied on August 16, 2018, and upon reconsideration on March 22, 2019. R. 12. An administrative hearing was held on May 18, 2020. R. 12. On June 8, 2020, Plaintiff's claim for SSI was denied. R. 24. Plaintiff sought review by the Appeals Council, which concluded on October 28, 2020, there was no basis for granting the request for review. R. 1. Plaintiff subsequently filed an appeal with this Court. ECF No. 1.

### II.   Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163-64 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §416.905(a) (2012). The Code of Federal Regulations outlines a five-step process ("Five-Step Analysis") that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §416.920(a)(4)(i)(2012).  If he is doing such activity, he is not disabled.  If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [416.909] or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(ii) (2012).  If he does not have such impairment or combination of impairments, he is not disabled.  If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(iii) (2012).  If he does have such impairment, he is disabled.  If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §416.920(a)(4)(iv) (2012).  If he can perform such work, he is not disabled.  If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience.  20 C.F.R. §416.920(a)(4)(v) (2012).  If he can perform other work, he is not disabled.  If he cannot, he is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 416.945(b)-(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a).  The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities,

observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

### III. Analysis

The ALJ evaluated Plaintiff's claim using the Five-Step Analysis. R. 14–24. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 4, 2018, the alleged onset date. R. 14. At step two, under 20 C.F.R. §416.920(c), the ALJ determined that Plaintiff had the following severe impairments: lumber spine degenerative disc disease, diabetes mellitus, hypertension, bipolar disorder, obesity, and PTSD. R. 14. The ALJ stated that the listed impairments were severe because they "significantly limit [Plaintiff's] ability to perform basic work activities." R. 14. At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§416.920(d), 416.925 and 416.926)." R. 15. Before turning to step four, the ALJ determined that Plaintiff had the RFC to

perform light work as defined in 20 C.F.R. § 416.967(b).  The ALJ discerned that Plaintiff had the following limitations:

> [Plaintiff] is frequently able to climb ramps or stairs, never able to climb ladder[s], ropes or scaffolds, occasionally able to balance or stoop, and frequently able to kneel, crouch or crawl; [Plaintiff] must avoid concentrated exposure to vibration, avoid work at unprotected heights, avoid concentrated exposure to extreme cold or damp conditions, and work at a position which allows for the wearing of sturdy footwear or boots. [Plaintiff] is able to understand and remember simple, routine instructions and carry out repetitive tasks, is able to make simple work-related decisions, is able to deal with minor or few changes in a routine work setting, is able to have frequent interaction with co-workers, is able to have occasional interaction with the general public; and must avoid work performed on an assembly line or requiring a strict production rate pace.

R. 18.  At step four, the ALJ determined Plaintiff is unable to perform her past relevant work.  R. 22.  At step five, with the benefit of a Vocational Expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: housekeeper, non-postal mail sorter, and marker.  R. 24.  The ALJ found that "Plaintiff has not been under a disability, as defined in the SSA, since May 4, 2018."  R. 24.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ, or in the alternative, remand the case to the Commissioner for further proceedings, alleging that Defendant's final decision is not supported by substantial evidence.  Pl.'s Mem. in Supp. of Pl.'s Mot. 3–5, ECF No. 14–1.  Plaintiff avers that the ALJ's RFC determination is not supported by substantial evidence.  *Id.* at 8–12.  Plaintiff asserts that the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence."  *Id.* at 11.  Specifically, Plaintiff contends that the ALJ did not provide a narrative discussion to explain how he determined that Plaintiff, "must avoid work performed on an assembly line or requiring a strict production rate pace."  *Id.*  This Court agrees.

Generally, the Court will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are

supported by substantial evidence. *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018) (citing *Mascio*, 780 F.3d at 634). But when performing an RFC assessment, the ALJ must provide a narrative discussion with the RFC assessment describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7 (S.S.A). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (emphasis in original).

A proper RFC analysis has three components: (1) evidence; (2) logical explanation; and (3) conclusion. *Thomas*, 916 F.3d at 311. The ALJ's logical explanation is just as important as the other two. *Id*. Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine whether the decision was based on substantial evidence. *Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) (citing *Jones v. Astrue*, No. SKG-09-1683, 2011 WL 5833638, at *14 (D. Md. Nov. 18, 2011)).

In this case, the ALJ found that Plaintiff had the ability to perform light work with the following limitations:

> [Plaintiff] is frequently able to climb ramps or stairs, never able to climb ladder[s], ropes or scaffolds, occasionally able to balance or stoop, and frequently able to kneel, crouch or crawl; [Plaintiff] must avoid concentrated exposure to vibration, avoid work at unprotected heights, avoid concentrated exposure to extreme cold or damp conditions, and work at a position which allows for the wearing of sturdy footwear or boots. [Plaintiff] is able to understand and remember simple, routine instructions and carry out repetitive tasks, is able to make simple work-related decisions, is able to deal with minor or few changes in a routine work setting, is able to have frequent interaction with co-workers, is able to have occasional interaction with the general public; and must avoid work performed on an assembly line or requiring a strict production rate pace.

R. 18. The ALJ provided an extensive review of Plaintiff's testimony, Plaintiff's physical and mental impairments, Plaintiff's subjective complaints, Plaintiff's activities of daily living, Plaintiff's examinations and treatment records, Plaintiff's medication compliance, Plaintiff's

hospitalizations, the medical opinion evidence, as well as inconsistencies throughout the record. R. 18–24. However, at no point in his narrative discussion did the ALJ explain how he concluded that Plaintiff "must avoid work performed on an assembly line or requiring a strict production rate pace," and how that would accommodate Plaintiff's impairments. R. 18. In fact, the ALJ did not create a logical bridge for every limitation in the RFC, as required by SSR 96-8p. 1996 WL 374184, at *7 (emphasis added).

For instance, when speaking about how Plaintiff's activities of daily living did not support a finding of disability, the ALJ stated that "[t]he stated limitations have nevertheless been included in the residual functional capacity in an abundance of caution in order to give [Plaintiff] the benefit of the doubt." R. 21. Yet, this statement does not explain which limitation in the RFC accommodated Plaintiff's activities of daily living and does not give the Court an opportunity for meaningful review to determine if his decision was based on substantial evidence.

Defendant contends that the ALJ's RFC is supported by substantial evidence. Def.'s Mem. in Supp. of Def.'s Mot. 3. Specifically, Defendant argues that the ALJ considered all relevant evidence and provided a narrative discussion of his findings. *Id.* While this may be true, the ALJ failed to connect the evidence to the limitations in the RFC. Defendant also asserts that "the production rate limitation was sufficiently defined," and thus does not frustrate meaningful review. *Id.* at 5–6. Defendant is misinterpreting Plaintiff's argument. Plaintiff's chief argument is that the ALJ failed to "build an accurate and logical bridge from the evidence to the conclusion."[2] Pl.'s Mem. in Supp. of Pl.'s Mot. 11–12. Specifically, Plaintiff's argument is that "the ALJ failed to explain how the medical evidence and other evidence supports the conclusion that Plaintiff 'must avoid work performed on an assembly or requiring a strict production rate pace,'" preventing the

---

[2] The Court has summarized Plaintiff's argument for conciseness.

Court from engaging in meaningful review. *Id.* Thus, Defendant's response does not address the ALJ's deficiency in bridging the gap between the evidence he cited and the limitations in the RFC.

In discussing Plaintiff's mental limitations, the ALJ considered Plaintiff's mental status examinations, medication regimen, and medical opinions to discuss why he assigned the medical opinions the weight that he did. The ALJ noted throughout his discussion of Plaintiff's mental complaints that the records showed that Plaintiff was anxious or depressed. R. 22. After considering Ms. Smith's medical opinion, the ALJ found that "[Plaintiff] is better suited for simple/routine task[s] in a lower stress environment." R. 22. This is the only time the ALJ connects the evidence to his conclusion in the RFC. The rest of the limitations in the RFC have no explanation connecting the evidence to the conclusion, and thus are not supported by substantial evidence. While the ALJ provided a thorough review of the evidence, the ALJ failed to build an "accurate and logical bridge," from the evidence to the conclusion, by failing to indicate which evidence supported each limitation. *See Woods*, 888 F.3d at 694 (holding that the ALJ failed to build an accurate and logical bridge from the ALJ's evidence to his conclusion because the "ALJ never explained how he concluded – based on [the] evidence – that [claimant] could actually perform the tasks required by [the claimant's RFC]."). The ALJ must provide the logical explanation required to bridge the gap between the evidence and the conclusion. *See Thomas*, 916 F.3d at 311 ("[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion"). Without a proper narrative discussion, the Court is left to speculative whether the ALJ's conclusions are supported by substantial evidence.

Accordingly, the ALJ's failure to provide an "accurate and logical bridge," from the evidence to the conclusion, requires remand. On remand, the ALJ is instructed to "build an accurate and logical bridge," from his discussion of the record to the limitations in the RFC.

## IV. Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter for further proceedings.

March 15, 2022

/s/
Charles B. Day
United States Magistrate Judge

CBD/pjkm